Dawaji v. Askar Good morning, may it please the court, my name is Joel Brodsky and I represent Najah Dawaji, the Plaintiff and Appellant. I want to start off by just saying that this case is not about the appeal or review or attack on a divorce judgment. This case is about the illegal use of criminal contempt proceedings to If it wasn't for the criminal contempt case, we would not be able to be here. If there was no criminal contempt case brought, we could not bring a case like this before the court. Well, the contempt petition was in the context of the divorce case, it wasn't a separate filing. Actually, it was a separate case. It had a separate case number, there was a sign to a different judge who heard But it wasn't a prosecution. It was a criminal prosecution, it had a criminal case number, what we would call, it's in the record, an M1 or a municipal criminal case number, which was assigned to a judge who hears municipal criminal cases and there was an arraignment, there was bond, there was But it was never, it was not prosecuted to conclusion because the divorce case was settled and the injury that your client is complaining about here is the terms of the settlement. The injury, yes. And where the injury that's complained of and sought to be redressed is the divorce settlement, then our cases say that Rooker-Feldman applies. If that's the source of the injury is the state court judgment. Well, the state court judgment is the damages. The injury is to the denial of her right to proceed meaningfully and to proceed in the divorce case without the threat of having to go to prison. In this case, the facts are quite unique. But she doesn't have a separate injury flowing from that. The injury she's complaining about is the divorce judgment and the terms of that and she seeks, the damages that she seeks in this case are essentially a new set of divorce terms. We can't do that. We're a federal court. Absolutely. Rooker-Feldman, as you're saying, is a jurisdictional. Federal courts are not appellate courts. That's what Rooker-Feldman is all about. But what we're saying here is that while the damages relate to what she was unable to obtain because she wasn't able to pursue her divorce case until its conclusion because of the threat of jail hanging over her in a case that was prosecuted by her husband's divorce lawyer who was appointed by the court as the prosecutor. And the fact that when she gave in in the divorce, all of a sudden the criminal contempt went away. The damages are, the measure of damages may relate to the divorce case or what she should have gotten in the divorce case and what she didn't get. But the injury is the use of the divorce case itself. The corruption of the criminal contempt proceedings, the conspiracy to use the to accept a wholly inadequate divorce judgment. And when we're talking about... Right. So the injury is the inadequate divorce judgment. No, the injury is the right to access to the courts. As we talk about, I think, in the cases of Christopher v. Harberry at the 536 U.S. 403 and Vasquez v. 325, it's the loss of an opportunity to seek radical relief and loss of an opportunity to get effective and meaningful relief in the court. The deprivation of that right is what the harm is. It's not that she didn't get enough in the divorce case. That's the damages. But the injury was that she was forced to give up her right to proceed in the divorce court to get... Let me ask it differently. How can a federal court order a different set of divorce terms? It can't. It absolutely cannot. But that's what the damages claim here. For example, if the case, I think, Iqbal v. Patel that was very recently decided by this court at 780 Fed Third 728, Mr. Iqbal said that the state court proceedings were corrupted by the use of fraud in order to take his business from him. That case was originally dismissed on Rooker-Feldman grounds. This court reversed, saying that he can proceed because he was talking about an injury separate and apart from the case and that the damages obviously would have been the value of the business that was taken from him by the state court. That would have been his damages. And that's what we're talking about here. The damages are what she reasonably would have gotten in a divorce that she would have been able to proceed with. But the injury is the conspiracy to deprive her of her right to proceed and by having her own divorce lawyer appoint a prosecutor to prosecute this criminal contempt case and then drop the criminal contempt case as soon as she... Who did the appointment? That was the state court divorce judge. State court judge did the appointment. You're asking us to reverse what he did. She, but I think... No, I'm not. She certainly took on the duty as... No, no, no. You're asking us to reverse what he did, the state court judge. The state court judge? No, I'm not. We objected to that and the objection... I object to it, but the final analysis, in order to get what you want, we're going to have to say that the state court judge didn't do right, that he made a legal blunder and we're reversing it. But as this court has also said... No, no. Am I right or wrong? No, I do not think... How are we able to proceed unless we say the state court judge was wrong? No, I think that you're able to proceed if we say that the prosecutor, who was a prosecutor... Oh, the prosecutor was appointed by the judge. Right. So the judge was the guy responsible for him being there. Right. So we have to say the judge did something legally wrong. And that, if you feel you... I don't think you have to. I think you have to say the prosecutor violated her duties as a prosecutor. But if you do have to do that, the mere fact that... Isn't there an appeal route in the state to say that the state judge did something wrong and appointed him? No, because... You mean you cannot appeal a finding of appointing a... That could have been appealed, but... And why doesn't it raise Hooker-Feldman right on the face of it? Because that's not an essential part of this case, whether or not she... It is the essential part of the case. If the prosecutor was legally appointed and proceeded legally, then you have no case. You just said it. If she proceeded legally. But I'm saying she did not proceed legally. That's the very point I'm making, is that she didn't proceed legally. And what I'm saying... Well, the place you do that, the determination is the court in which she did it, which is the state court with the state appellate procedure going on. But Judge, this court has said in the past that the fact that a federal court may disagree with the decision of a state court is not grounds for dismissing a case under Hooker-Feldman. The fact that this court may have come to a different conclusion or disagree with that decision is not a bar to Hooker-Feldman, does not require Hooker-Feldman, is not a bar to proceeding. I don't want to take up too much of my rebuttal time. You already have. I hope I have a few moments left. Thank you, counsel. May it please the court. Good morning, counsel. My name is Jeff Kivitz. I'm with the Sotos Law Firm, and I'll be arguing on behalf of the appellees. The Rooker-Feldman Doctrine is intended to minimize a federal district court's involvement in state court actions. This is particularly true where the state court proceedings are related to domestic disputes. In this appeal, Dowagee claims not to be collaterally attacking the state court settlement, but instead seeking independent damages stemming from the defendant's conduct in conspiring to bring the false criminal contempt charges. But Dowagee's attempt to carve out an independent injury in order to circumvent Rooker-Feldman are undermined by the damages that she alleges in her complaint. The fact that Dowagee claims damages equal to the difference between the settlement she received and the settlement she believed that she was entitled to  and her federal suit is a collateral attack on that state court judgment. The district court correctly determined and dismissed Dowagee's complaint under Rooker-Feldman, and her attempts to plead a federal cause of action are nothing short than an attempt to relitigate her case in federal court. In Iqbal v. Patel, a decision that came after Judge Fireman's well-reasoned decision to dismissing Dowagee's complaint, this court maintained that litigants in analyzing Rooker-Feldman should focus on what injury the plaintiff is asking the federal court to redress and not whether the injury is intertwined with something else. In Dowagee's complaint, she takes great pains to describe her damages as the loss of the marital property, child support and maintenance payments, and custody disputes. In her reply brief, she alleges that her federal damages are equal to the value of the claims in the divorce proceeding that she was forced to give up as a result of the contempt petition. Focusing on the injuries, Dowagee's parents... So in order to do that, this court would have to say that the injury, the occasion of the loss, was a violation of the state law. Correct. The criminal conduct did not create an independent injury. The contempt proceeding was the vehicle that caused the alleged unfavorable settlement. The settlement is the actual injury that Dowagee is attempting to collaterally attack. A litigant cannot circumvent Rooker-Feldman simply by casting his complaint in the terms of a 1983 action, which is exactly what Ms. Dowagee is trying to do here. I take it there were state court remedies available for obtaining relief from the settlement judgment? Yes. I mean, this suit was filed very soon after the judgment was entered. This suit was filed two weeks after the settlement. In her reply brief, she asserted that she was precluded from the opportunity to raise her federal claims in the divorce and contempt proceedings. But all of her federal claims stem from Kohlhaas' appointment to prosecute the contempt petition. Mr. Brodsky, who represented Dowagee in her settlement where she was allegedly strong-armed, specifically opposed Kohlhaas' appointment. In fact, instead of seeking out a supervisory order from the Illinois Supreme Court to vacate that trial court's appointment of Kohlhaas, or alternatively appealing the state court judgment, which encompassed the settlement agreement, Dowagee chose to collaterally attack the settlement agreement in federal court. Did the fact that the state's attorney refused to assume the prosecution have any bearing on this case? No. Indirect criminal contempt proceedings are a usual occurrence in civil litigation matters. Indirect contempt proceedings can be litigated by a private attorney for a litigant, by an amicus curiae, or by a state's attorney. So it wasn't out of the purview of the circuit court to appoint Ms. Kohlhaas. They didn't want to get involved in a divorce problem, is what the prior thing was. Absolutely. This is a state court matter. And who can blame them? I'm sorry? I said, and who can blame them? Exactly. Alternatively, if this court determines that Rooker-Feldman were found not to apply, Dowagee's claims for denial of access to the court and due process violations for fabrication can be dismissed for failure to state a claim. In support of Dowagee's claims that defendants denied her First Amendment right of access to the court, Dowagee relies on a statement in the Supreme Court case of Christopher v. Harberry, which explained that a right of access to court is violated by official acts that allegedly have caused the loss or settlement of a meritorious case. But Plaintiff has failed to present any allegations as to how or when she was denied access to the court. And the official acts described in Christopher v. Harberry references matters like police cover-ups or the intentional destruction of evidence. The district court correctly held that the criminal contempt charges against Dowagee created no legal or evidentiary obstacle that prevented her from litigating these claims in divorce matter or the criminal contempt proceeding. Plaintiff further alleges a due process claim on the basis that the criminal contempt petition was filed against her, that it was based on false allegations, and then subsequently dismissed prior to hearing on that petition. But Plaintiff has failed to identify in her complaint what evidence was withheld or fabricated and what false allegations were allegedly used to initiate the contempt proceedings. Even assuming that Dowagee pleaded facts sufficient to support these assertions, the allegations are not actionable as due process violations. As the district court concluded, Dowagee's due process claim is essentially a claim for malicious prosecution. In her underlying opposition to our motions to dismiss, she consistently labeled her claim as a typical wrongful prosecution claim under 1983. But this court has consistently held that the existence of a state law malicious prosecution claim precludes a federal 1983 malicious prosecution claim. Nevertheless, even if Dowagee would be unable to state a claim for malicious prosecution because she's unable to show that the proceedings were terminated in her favor when the contempt petition was voluntarily dismissed as part of the settlement. In sum, Dowagee should not be permitted an opportunity to collaterally attack her settlement agreement and relitigate this divorce in federal court. The district court properly concluded that Dowagee's federal claims are barred under Rooker-Feldman and dismissed for lack of subject matter jurisdiction. And alternatively, that Dowagee's claims for denial of access to the court and due process violations fail to state a claim pursuant to Rule 12b-6. Thank you. Thank you, counsel. You have one minute, but I'll give you another minute. Thank you very much, I appreciate it. As to what Justice Bauer is talking about in disagreeing or having to overturn a state court decision, I noticed that in Exxon Mobil v. Saudi Basic, which the U.S. Supreme Court decided and is really a key case in the Rooker-Feldman doctrine, that court specifically says that if a federal plaintiff presents an independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which it was a party, there is still jurisdiction. Rooker-Feldman doesn't apply. So just the fact that this court or the district court may disagree or have to disagree with the decision of the state court is not a bar and does not require a Rooker-Feldman to be applied. And as we said, we don't have to overturn or reverse the decision to appoint the divorced lawyer as the prosecutor, but it can be disagreed with but doesn't need to be overturned because what the damage is is the conclusion or the agreement between the divorced lawyer and the client to corrupt the criminal contempt proceedings to use it not to prosecute a crime or a violation of a court order but to gain an advantage in a civil case and force a settlement way below where it should have been done. And as this court itself said in the Brokaw v. Weaver case, referring also to the Nessus v. Shepard, that if we say that any time a state court judgment is involved or a state court proceeding is involved that Rooker-Feldman bars it, then there would be no federal remedy for a violation of federal rights whenever somebody succeeds in corrupting a portion of the state process and gets a favorable judgment through their corruption. And that's exactly what we're saying here, that the prosecutor taking over the criminal contempt case and using it for the benefit of the client, who's paying her fees for prosecuting, corrupted the system and was used to get a favorable result, just like in Iqbal. I think that the whole purpose of Section 1983, which was enacted after the Civil War, was to give people a remedy to redress where state actors, including courts, were depriving people of their federal rights, not to overturn the state court decisions as a court of appeal but as a tool to give those people redress when state courts or any state actor was conspiring to corrupt the system. And that's what we have here, the private prosecutor using this to corrupt the system and corrupt the criminal contempt proceedings to gain an advantage in the civil case, and that's our injury. And whatever our evidence for damages are, Rooker-Feldman doesn't apply jurisdictionally. Thank you very much. Thank you. Thanks to both counsel. The case is taken under advisement.